IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00653-BNB

ORLANDO CORTEZ CLARK,

Applicant,

v.

KEVIN MILYARD, Sterling Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 8 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Orlando Cortez Clark is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Clark has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court criminal convictions in two Arapahoe County District Court cases. The state court case numbers for the convictions under attack are 95CR1249 and 95CR1261. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Clark previously has filed applications for writs of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging the same Arapahoe County District Court convictions that he is attacking in the instant action. *See Clark v. Soares*, No. 03-cv-01351-PSF-PAC (D. Colo. July 28, 2004) (challenging Arapahoe County District Court case number 95CR1249); *Clark v. Soares*, No. 03-cv-01352-EWN-PAC (D. Colo. Nov. 29, 2005) (challenging Arapahoe County District Court case number 95CR1261). Mr.

Clark's prior habeas corpus applications in 03-cv-01351-PSF-PAC and 03-cv-01352-EWN-PAC were dismissed with prejudice as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Clark must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that the claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B).

Mr. Clark does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest

of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Clark's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, given that Mr. Clark's prior habeas corpus applications challenging the same state court convictions were dismissed with prejudice a number of years ago as barred by the one-year limitation period in § 2244(d), it appears that the instant action also would be time-barred. Furthermore, it was clear when the instant action was filed that this Court lacks jurisdiction. As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of jurisdiction.

DATED at Denver, Colorado, this 6 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   09-cv-00653-BNB

Orlando Cortez Clark
Prisoner No. 91231
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

   I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/8/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk